UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LEON Z. KYLES, JR.,

    Petitioner,

        v.                           CAUSE NO. 3:21-CV-909-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Leon Z. Kyles, Jr., a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (WCC-21-4-213) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possessing intoxicants in violation of Indiana Department of Correction Offense 202. Following a hearing, he was sanctioned with the loss of ninety days earned credit time. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Kyles argues that he is entitled to habeas relief because the correctional officer who issued the conduct report did not explain how he identified the property box in which the controlled substances were found as Kyles' property box.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.

> Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). The conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision.").

The administrative record includes a conduct report in which a correctional officer represents that he found controlled substances inside of a vapor rub container in Kyles' personal property box. ECF 2-1 at 1. It also includes photographs of the vapor rub container. *Id.* at 7. Even without an explanation as to how the correctional officer identified the property box as belonging to Kyles, the conduct report and the photographs constitute some evidence that Kyles committed the offense of possessing intoxicants. As noted by Kyles, the correctional officer searched only three property boxes and may have identified the property box as Kyles in any number of ways, including the four-digit number assigned to each property box and the correspondence and photographs included within the contents of the property box. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Kyles argues that he is entitled to habeas relief because the hearing officer did not allow him to present commissary receipts to show that he had never purchased vapor rub. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the

2

hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* According to the screening report, Kyles' request for copies of the commissary receipts were denied as irrelevant because Kyles could have obtained the vapor rub container from sources other than the commissary. Given the limited relevance of the commissary receipts, the argument that Kyles was not allowed to present evidence is not a basis for habeas relief.

Kyles argues that he is entitled to habeas relief because the decisionmaker was not impartial, because the conduct report was vague, and because he asserted the right to remain silent. He states that he did not include these grounds in his administrative appeal because he had not thought of them or was unsure of their merits. Generally, State prisoners must exhaust available State court remedies to obtain habeas relief in federal court. 28 U.S.C. § 2254(b). However, "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). Because Kyles did not present these grounds on administrative appeal, they are procedurally defaulted, and they are not a valid basis for habeas relief.

In sum, Kyles has not demonstrated that he is entitled to habeas relief, and the habeas petition is denied. If Kyles wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he

may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Leon Z. Kyles, Jr., leave to proceed in forma pauperis on appeal.

SO ORDERED on December 28, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT